The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jobe Dananagan, on behalf of himself and all others similarly situated

## DEFENDANTS
Guardian Protection Services

**(b)** County of Residence of First Listed Plaintiff: San Francisco, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael D. Donovan
Donovan Axler, LLC
1055 Westlakes Drive, Suite 155
Berwyn, PA 19312
610-647-6067

Attorneys *(If Known)*
Laura E. Vendzules, Michael A. Iannucci
Blank Rome LLP
One Logan Square, Philadelphia, PA 19103
215-569-5500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities Employment
- [ ] 446 Amer. w/Disabilities Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(d); 28 U.S.C. Section 1453

Brief description of cause:
Plaintiff has sued Defendant alleging breaches of the Pennsylvania UTPCPL and FCEUA

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE: _____   DOCKET NUMBER: _____

DATE: 7/17/2015
SIGNATURE OF ATTORNEY OF RECORD: *[signature] Michael A. Iannucci*

146097.00601/101218127v.2

| FOR OFFICE USE ONLY | | | | |
|---|---|---|---|---|
| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jobe Danganan, on behalf of himself and all others similarly situated, | : | CIVIL ACTION |
| v. | : | |
| Guardian Protection Services, | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 7/17/15 | *[signature]* | Guardian Protection Services |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-5543 | (215) 832-5543 | Iannucci@blankrome.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1100 Fulton Street, Apartment 7, San Francisco, CA  94117

Address of Defendant: 175 Thorn Hill Road, Warrendale, PA

Place of Accident, Incident or Transaction: Warrendale, Pennsylvania
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, Michael A. Iannucci, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 7/17/15     _____     206169
                   Attorney-at-Law                Attorney I.D.#

**NOTE**: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/17/15     _____     206169
                   Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

**BLANK ROME LLP**
Laura E. Vendzules
LVendzules@blankrome.com
Michael A. Iannucci
Iannucci@blankrome.com
Will J. Rosenzweig
Rosenzweig@blankrome.com
One Logan Square
Philadelphia, PA  19103
Tel.: 215-569-5500
Fax: 215-569-5555

*Attorneys for Defendant,*
*Guardian Protection Services*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOBE DANGANAN, on behalf of himself and all others similarly situated, | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANT GUARDIAN PROTECTION SERVICES** |
| vs. | |
| GUARDIAN PROTECTION SERVICES, | (28 U.S.C. §§ 1332(d), 1441, and 1446) |
| Defendant. | |

**PLEASE TAKE NOTICE** that Defendant Guardian Protection Services ("Guardian" or "Defendant") hereby removes to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), this action, which was originally filed in the Philadelphia, Pennsylvania Court of Common Pleas, Case No. 1284, June Term, 2015.  The grounds for this removal are set forth herein.

### I.   INTRODUCTION

1. On or about June 9, 2015, Plaintiff Jobe Danganan ("Plaintiff") commenced a putative class action in the Philadelphia, Pennsylvania Court of Common Pleas entitled *Jobe*

*Danganan, on behalf of himself and all others similarly situated v. Guardian Protection Services*, Case No. 1284, June Term, 2015 (the "State Court Action"). A copy of the Complaint is attached hereto as Exhibit "A." The Complaint alleges two causes of action for alleged violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), codified at 73 P.S. § 201-1, *et seq.*, and Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), codified at 73 P.S. § 2270.1, *et seq.* (Exhibit "A," ¶¶ 26-46.)

## II. THIS COURT HAS JURISDICTION PURSUANT TO CAFA

2. Guardian removes the State Court Action pursuant to CAFA, codified at 28 U.S.C. § 1332(d). CAFA provides this Court with original jurisdiction of this action and permits Defendant to remove the State Court Action from the Philadelphia Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

3. CAFA vests district courts with original jurisdiction over class actions when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interest and costs) and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). These requirements are satisfied, as set forth below.

4. Neither the permissive nor mandatory provisions of CAFA for declining original jurisdiction are applicable to this action. Accordingly, as discussed further below, federal jurisdiction is mandatory under CAFA.

### A. Class Action

5. The State Court Action is a class action as defined by CAFA. CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action.

2

28 U.S.C. § 1332(d)(1)(B).

6. Plaintiff filed the State Court Action as a putative class action on behalf of himself and a proposed nationwide class of plaintiffs. (*See* Exhibit "A," ¶ 35.)

7. The Pennsylvania rule governing the maintenance of class actions, Pennsylvania Rule of Civil Procedure 1701, *et seq.*, is analogous to Federal Rule of Civil Procedure Rule 23.

8. The State Court Action therefore falls within the definition of a "class action" pursuant to CAFA.

      **B.**    **Removal Pursuant to CAFA**

9. CAFA provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs. 28 U.S.C. § 1332(d), (d)(5), and § 1453(b).

          **i.**    **Plaintiff's Proposed Class**

10. Plaintiff purports to represent a nationwide class of individuals who entered into contracts for home security and/or home monitoring services with Guardian, and who canceled the services or terminated their contract, and paid money following the cancellation of services or the termination of the contract. (*See* Exhibit "A," ¶ 35.)

11. Plaintiff states that the putative class is so numerous that joinder of all class members would be impracticable. (Exhibit "A," ¶ 36.)

12. Plaintiff alleges that Guardian's website states that "more than a quarter-million residential and commercial clients … trust their security to Guardian." (*Id.*)

13. There are in excess of 17,000 customers[1] who sought to cancel their services or terminated their contract and then paid money following the cancellation of services or the termination of the contract during the putative class period.[2]

14. Therefore, CAFA's minimum putative class size of 100 members is satisfied.

### ii. Diversity of Citizenship Pursuant to CAFA

15. Guardian is a company that is formed under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 175 Thorn Hill Road, Warrendale, Pennsylvania. (Exhibit "A," ¶ 9.) Therefore, Defendant is a citizen of Pennsylvania.

16. Plaintiff resides in San Francisco, California. (Exhibit "A," ¶ 8). Plaintiff is a citizen of the State of California. 28 U.S.C. § 1332(a).

17. Therefore, because at least one member of the proposed class of plaintiffs is a citizen of a state different from Guardian, within the meaning of 28 U.S.C. § 1332(d)(2)(A), CAFA's diversity of citizenship requirement is satisfied.

### iii. Amount in Controversy

18. CAFA's third requirement—that the aggregate amount in controversy, exclusive of interest and costs, exceed $5 million—is also satisfied. 28 U.S.C. § 1332(d)(2).

---

[1] Guardian does not admit, and in fact specifically denies, that the Complaint states a claim upon which relief may be granted, or that Plaintiff or any putative class member is entitled to any damages or any other relief sought in the Complaint. Nor does Guardian admit, and in fact specifically denies, that a class can be certified.

[2] Guardian has assumed that the putative class period is six years pursuant the statute of limitations for claims brought under the UTPCPL. For the UTPCPL, the statute of limitations is six years under the "catch all" provision. *Drelles v. Mfrs. Life Ins. Co.*, 881 A.2d 822, 831 (Pa. Super. Ct. 2005). For the FCEUA, the statute of limitations is two years. 73 P.S. § 2270.5(b) (2014) ("An action to enforce any liability created by this act may be brought in any court of competent jurisdiction in this Commonwealth within two years from the date on which the violation occurs.").

19. As to damages, Plaintiff seeks to recover "either [his] actual damages or one hundred dollars ($100), whichever is greater, together with trebling of actual damages, counsel fees, expenses and costs…" (Exhibit "A," ¶ 33.)

20. Plaintiff himself alleges that he suffered damages in excess of $100. (Exhibit "A," ¶ 30.) Assuming the damages were trebled, as Plaintiff alleges, the minimal amount that each putative class member could recover, *exclusive of attorneys' fees*, is $300.

21. As previously set forth, Guardian believes there are more than 17,000 members of the putative class who would fit within Plaintiff's broad nationwide class definition.

22. As such, because there were more than 17,000 customers who canceled or terminated services and subsequently made payments pursuant to the contract, and Plaintiff seeks to recover at least $300 per customer (inclusive of trebling the damages but excluding attorneys' fees), the amount in controversy in this action would exceed $5 million.

23. Therefore, CAFA's requirement that the aggregate amount in controversy exceed $5 million is met here.[3]

## III. 28 U.S.C. § 1446 REQUIREMENTS

### A. This Notice of Removal Is Timely Filed

20. This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty (30) days after Guardian was served with the Complaint. Plaintiff served Guardian with a copy of the Summons and Complaint on June 18, 2015. (*See* Summons, a true and correct copy of which is attached hereto as Exhibit "B.")

---

[3] As noted, this amount does not include attorneys' fees, which this Court may also consider in its analysis.

5

141614.00602/101210593v.2

## B. Procedural Requirements

21. Section 1446(a) requires a removing party to provide this Court a copy of all "process, pleadings and orders" served on it in the State Court Action. The Complaint and Summons are attached as Exhibits "A" and "B," respectively.

22. Exhibits "A" and "B" constitute all of the pleadings, process, and orders in the Philadelphia Court of Common Pleas.

23. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a copy of the Notice of Removal with the Prothonotary of the Philadelphia Court of Common Pleas and serving Plaintiff with same. A copy of the Notice to the Philadelphia Court of Common Pleas (which is being served on Plaintiff) is attached hereto as Exhibit "C".

**WHEREFORE**, Guardian respectfully submits that: (1) CAFA applies to this action because the proposed class contains at least 100 members, (2) at least one member of the proposed class is a citizen of a state different than Defendants' states of citizenship, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

Respectfully submitted,

**BLANK ROME LLP**

Dated: July 17, 2015

Laura E. Vendzules
Michael A. Iannucci
Will J. Rosenzweig

*Attorneys for Defendant*
*Guardian Protection Services*

6

## CERTIFICATE OF SERVICE

I, Michael A. Iannucci, hereby certify that I have this 17th day of July, 2015 caused a true and correct copy of this Notice of Removal by Defendant Guardian Protection Services to be served on the following via first-class mail, postage prepaid:

Michael Donovan, Esquire
Noah Axler, Esquire
1055 Westlakes Drive, Suite 155
Berwyn, PA 19312
Tel.: (610) 647-6067
Fax: (610) 647-7215
mdonovan@donovanaxler.com

Christian Schreiber, Esquire
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
Tel.: (415) 381-5599

*Attorneys for Plaintiff,
Jobe Danganan, on behalf of himself and all others similarly situated*

_____
MICHAEL A. IANNUCCI